```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PASQUALE VERRILLI,                              :
                    Petitioner,                 :
                                                :
v.                                              :         ORDER ADOPTING REPORT
                                                :         AND RECOMMENDATION
                                                :
PAUL GONYEA and THE DEPARTMENT OF               :         17 CV 7886 (VB)
CORRECTIONS AND COMMUNITY                       :
SERVICES,                                       :
                                                :
                    Respondents.                :
--------------------------------------------------------------x
```

Briccetti, J.:

Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"), dated December 13, 2019, on Pasquale Verrilli's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. #26 ("R&R")).

The Court presumes the parties' familiarity with the factual and procedural background of this case.

In the R&R, Judge McCarthy recommends that the Court dismiss the amended petition as untimely.

For the following reasons, the Court adopts the R&R in its entirety as the opinion of the Court.

**DISCUSSION**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); see also 28

1

U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  The clearly erroneous standard applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se, such as petitioner herein, are generally accorded leniency, Stokes v. Miller, 216 F. Supp. 169, 171 (S.D.N.Y. 2000), and should be construed "to raise the strongest arguments that they suggest."  Dunn v. Sears, 561 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).[1]  "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  Pinkney v. Progressive Home Health Servs., 2008 WL 2811816 (S.D.N.Y. July 21, 2008).[2]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for a writ of habeas corpus must be filed within one year of the latest of four triggering events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]   Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[2]   Petitioner will be provided with copies of all unpublished opinions cited in this ruling.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  "[A] petitioner's conviction becomes final for AEDPA purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expires." Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001).

The limitations period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The one-year statute of limitations period is also subject to equitable tolling, which may be applied when a petitioner has shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010).

Petitioner objected to the R&R on the grounds that Judge McCarthy erred by finding no extraordinary circumstances to justify equitable tolling.  (Doc. #29 at ECF 1–2).[3]

The Court has carefully reviewed the R&R and finds no error, clear or otherwise.

Petitioner claims extraordinary circumstances should relieve him of his procedural obligations under the AEDPA.  However, petitioner's objection simply reiterates arguments he already raised in the amended petition, and fails to identify any extraordinary circumstances that justify equitable tolling.  Indeed, petitioner was convicted in Orange County Court on December

---

[3] "Doc. #__ at ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

3

12, 2007, and sentenced on March 7, 2008.  (See Doc. #22-16 at ECF 37–40; see also Doc. #22-17 at ECF 1, 8–9).  Thereafter, petitioner filed a timely notice of appeal.  On January 26, 2010, the Appellate Division affirmed petitioner's conviction, and petitioner's application for leave to appeal to the Court of Appeals was denied on May 19, 2010.  See People v. Verilli, 69 A.D.3d 963 (2d Dep't 2010), leave to appeal denied 14 N.Y.3d 894 (2010).

Because petitioner did not file a petition for a writ of certiorari to the United States Supreme Court, his conviction became final on August 17, 2010, ninety days after the New York Court of Appeals denied leave.  See Sup. Ct. R. 13(1); Bowles v. Russell, 551 U.S. 205, 212 (2007).  Accordingly, the one-year AEDPA limitations period started to run on August 17, 2010, and, absent tolling, expired on August 17, 2011.  The original habeas petition was filed more than six years later, on October 6, 2017.  (Doc. #2 at 19).

Here, neither statutory nor equitable tolling doctrines apply.  First, petitioner is not entitled to statutory tolling because he failed to file any state court relief applications prior to the expiration of the one-year statute of limitations period.  On July 23, 2013, nearly two years after the AEDPA limitations period had run, petitioner filed a state relief application to vacate the judgment.  (Doc. #22-3 at ECF 22–23).  However, the filing of a state post-conviction proceeding after the expiration of the AEDPA limitations period does not reset the limitations period.  See Smith v. McGinnis, 208 F.3d 13, 15 n.1 (2d Cir. 2000).

Second, petitioner is not entitled to equitable tolling because he has not been diligent in pursuing his rights.  Indeed, Judge McCarthy's well-reasoned R&R notes petitioner claims he did not receive trial transcripts for five years, but such assertion "belies any notion that Petitioner was diligent in pursuing his habeas rights" because he still waited two years to file a habeas petition and, nevertheless, had access to his trial transcripts when he filed his 2013 state court

4

collateral attack. (R&R at 14). Further, petitioner has not identified any extraordinary circumstance that prevented him from filing a timely habeas petition.

## CONCLUSION

Judge McCarthy's R&R is hereby adopted in its entirety. Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to petitioner at the address on the docket.

Dated: April 23, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge